OPINION
{¶ 1} On June 8, 2004, appellee, the Muskingum County Children Services Board, filed a complaint for permanent custody of Shanique Adrianna Woods aka Baby Girl Schrack born June 6, 2004, alleging the child to be dependent as she was born positive for cocaine. Mother of the child is Donna Schrack; father is appellant, Charles Woods. By judgment entry filed June 8, 2004, the trial court granted temporary custody of the child to appellee.
 {¶ 2} An adjudicatory and dispositional hearing was held on December 14, 2004. By judgment entry filed January 4, 2005, the trial court found the child to be a dependent child and awarded permanent custody of the child to appellee.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "IT WAS PREJUDICIAL ERROR BY THE TRIAL COURT AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO TERMINATE NATURAL FATHER'S PARENTAL RIGHTS."
 II {¶ 5} "IT WAS PREJUDICIAL ERROR BY THE TRIAL COURT TO RULE PURSUANT TO O.R.C. 2151.413(D)(1) AND O.R.C. 2151.414(B)(1)(A), (B), (C) AND (D) AS MUSKINGUM COUNTY CHILDREN SERVICES DID NOT HAVE CUSTODY OF THE MINOR CHILD FOR THE REQUISITE 12 OUT OF THE LAST 22 CONSECUTIVE MONTHS."
 III {¶ 6} "IT WAS PREJUDICIAL ERROR BY THE TRIAL COURT TO GRANT A TERMINATION OF PARENTAL RIGHTS WHEN THE NATURAL FATHER WAS NOT AFFORDED ENOUGH TIME TO COMPLY WITH A CASE PLAN."
 IV {¶ 7} "IT WAS PREJUDICIAL ERROR BY THE TRIAL COURT TO GRANT THE TERMINATION OF THE NATURAL FATHER'S PARENTAL RIGHTS WHEN MUSKINGUM COUNTY CHILDREN SERVICES DID NOT OFFER SERVICES TO THE NATURAL FATHER, INCLUDING BUT NOT LIMITED TO, CONTROLLED SUBSTANCES COUNSELING, HOUSING ASSISTANCE, EMPLOYMENT COUNSELING, FOOD STAMPS, PARENTING CLASSES AND ANY OTHER SERVICES THAT WOULD ASSIST THE NATURAL FATHER IN BEING A BETTER PARENT TO THE MINOR CHILD."
 V {¶ 8} "IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO GRANT TERMINATION OF PARENTAL RIGHTS WHEN THE G.A.L. REPORT WAS FILED DECEMBER 14, 2004, WHICH IS THE DAY OF HEARING FOR TERMINATION OF PARENTAL RIGHTS IN VIOLATION OF THE FIVE (5) DAY PRIOR TO TRIAL RULE. WHEREIN, NATURAL FATHER WAS NOT AFFORDED TIME TO REBUT THE G.A.L. REPORT."
 I, III, IV {¶ 9} These assignments of error attack the trial court's decision as being against the manifest weight of the evidence. Specifically, appellant complains of the lack of time to complete the case plan and appellee's failure to provide him with rehabilitation services. We disagree.
 {¶ 10} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 11} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 {¶ 12} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 13} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 14} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code;
 {¶ 15} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 {¶ 16} "(13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child.
 {¶ 17} "(16) Any other factor the court considers relevant."
 {¶ 18} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 {¶ 19} "(1) The interaction and interrelationshiop of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 20} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 21} "(3) The custodial history of the child, including whether the child has been in the temporary custody of a public children services agency or private child placing agency under one or more separate orders of disposition issued under section 2151.353 or 2151.415 of the Revised Code for twelve or more months of a consecutive twenty-two month period ending on or after the effective date of this amendment;
 {¶ 22} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 23} "(5) Whether any of the factors in divisions (E)(7) to (12) of this section apply in relation to the parents and child."
 {¶ 24} In its judgment entry filed January 4, 2005, the trial court specifically found the following:
 {¶ 25} "3. Pursuant to Ohio Revised Code Section(s) 2151.414(B)(1) and (D), it is in the Best Interest of the minor child that Permanent Custody be awarded to Muskingum County Children Services based upon the following factors that the Court finds upon a review of the evidence:
 {¶ 26} "a. The minor child has no significant interaction with either parent. Neither mother nor father has consistently visited the child since her birth, June 6, 2004; mother had visited the child twice prior to hearing and father had visited the child once prior to hearing.
 {¶ 27} "b. The minor child has bonded with the foster family where she has been placed. This foster placement is an adoptive placement.
 {¶ 28} "c. The minor child needs a legally secure permanent placement, which cannot be achieved without a grant of permanent custody to Muskingum County Children Services, the Court finding that it is unlikely that either parent will ever be able to provide a legally secure placement and that no suitable relatives are available.
 {¶ 29} "d. The mother has had parental rights involuntarily terminated with respect to four other children; mother has had four other children enter into the permanent custody of a public children services agency and subsequently adopted.
 {¶ 30} "4. Pursuant to Ohio Revised Code Section(s) 2151.414(B)(1) and (E), the minor child cannot be placed with either parent within a reasonable time.
 {¶ 31} "a. Mother was given a case plan and failed to comply with the objectives within a six-month period.
 {¶ 32} "b. Mother has had parental rights involuntarily terminated with respect to four other children.
 {¶ 33} "c. Father has a history of felony convictions and repeated incarcerations.
 {¶ 34} "d. Both parents have chemical dependency issues; both tested positive for crack cocaine the week prior to the hearing for permanent custody. Shenique Adrianna Woods was born addicted to crack-cocaine.
 {¶ 35} "e. Neither parent visited their child during the pendency of the action, until the week prior to the hearing.
 {¶ 36} "f. Both parents demonstrated a lack of commitment toward the child by not visiting or supporting the minor child since her birth."
 {¶ 37} Appellant had been in jail until the Saturday before the hearing and on the day before the hearing, he tested positive for cocaine. T. at 250, 253. During the six months prior to the hearing, appellant has been basically unavailable, out of state or in jail. T. at 256-257. When the caseworker attempted to contact appellant after the shelter care hearing, he never responded. T. at 168-169. When questioned about why he was not visiting the child, appellant stated he did not want to become attached to the child if it was not his. T. at 169. Paternity had been determined four months prior to this statement. All in all, appellant saw the child only once just prior to the final hearing. Basically, appellant had no involvement with the case plan, the child or the agency.
 {¶ 38} Also presented was appellant's extensive crime history, five felony convictions and recent jail time for driving violations. T. at 200, 261. During all the times he was not in jail, appellant purposely remained unavailable. Because of appellant's own actions, specifically structured case plan services were not available to him.
 {¶ 39} Mother was afforded an opportunity for reunification through the case plan, but failed to so comply. T. at 154, 163-164, 241. Mother admittedly is a cocaine abuser who took cocaine during her pregnancy. T. at 7, 11, 14, 18-19, 229-230. She is an admitted prostitute who turned "tricks" up to the month before the birth of the child. T. at 8, 11, 19, 242. Recently, during the pending case, she had been in jail for prostitution. T. at 232.
 {¶ 40} The child has been in foster care since being released from the hospital. T. at 148, 188. The child is happy and healthy and bonding with the family. T. at 1881-89. The child does not have a bond with appellant or mother. The foster family wishes to adopt the child. T. at 189-190.
 {¶ 41} As for the relative placement with Frankie Johannes, a cousin, see this court's opinion in In the Matter of: Shanique Adrianna Woods akaBaby Girl Schrack (July ___, 2005), Muskingum App. No. CT2005-0008.
 {¶ 42} Upon review, we find the trial court did not err in granting permanent custody to appellee.
 {¶ 43} Assignments of Error I, III and IV are denied.
 II {¶ 44} Appellant claims the trial court erred in granting permanent custody to appellee prior to the expiration of the requisite twelve month period from placement of the child per R.C. 2151.414(B)(1). We disagree.
 {¶ 45} R.C. 2151.414(B)(1) sets forth the following factors in determining permanent custody:
 {¶ 46} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 47} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 48} "(b) The child is abandoned.
 {¶ 49} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 50} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 51} "For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home."
 {¶ 52} This section states if "any of the following apply." Subsection (a) states "if the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents." This subsection has nothing to do with the passage of any specific time, but references a reasonable amount of time.
 {¶ 53} Upon review, we find no violation of R.C. 2151.414(B)(1).
 {¶ 54} Assignment of Error II is denied.
 V {¶ 55} Appellant claims he was prejudiced because the guardian ad litem filed his report on the day of the hearing instead of five days prior to the hearing. We disagree.
 {¶ 56} Pursuant to R.C. 2151.414(C), "A written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing held pursuant to division (A) of this section or section 2151.35 of the Revised Code but shall not be submitted under oath."
 {¶ 57} Pursuant to this section, the guardian ad litem may file a report on the day of the hearing. In addition, the guardian ad litem took the stand and was available for cross-examination.
 {¶ 58} Assignment of Error V is denied.
 {¶ 59} The judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division is hereby affirmed.
Farmer, J. Boggins, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division is affirmed.